**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINDY SEGURA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FARMAR LAW GROUP, PC,<br><br>Defendant | Case No.:<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff MINDY SEGURA ("Plaintiff") brings the instant class action claims against Defendant FARMAR LAW GROUP, PC ("Defendant") seeking redress for herself and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*. Plaintiff further

1
**CLASS ACTION COMPLAINT**

seeks redress for herself and the putative class under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), *Cal. Civ. 1788, et seq.* Defendant conducts its debt collection business in flagrant violation of the FDCPA and RFDCPA by systematically and uniformly failing to provide written notice to consumers regarding their rights to dispute their debt and/or request validation of said alleged debt, rights guaranteed by 15 U.S.C. § 1692g(b).

## JURISDICTION

2.  This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arise under the FDCPA. This Court has supplemental jurisdiction over Plaintiff's state based RFDCPA claims.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District as Plaintiff resides here and Defendant conducts business here.

## PARTIES

4.  Plaintiff is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" and "debtor" as those terms are defined by Cal. Civ. § 1788.2(g)-(h), in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5) ad Cal. Civ. § 1788.2(d)-(e).

5.  Defendant is a corporation with its principal place of business located in Sherman Oaks, California. The principal purpose of Defendant is the collection of debts in this state, and Defendant regularly attempts to collect consumer debts alleged to be due to another using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and Cal. Civ. § 1788.2(c).

# STATEMENT OF FACTS

## A.  The Account

6. At some point prior to September 2020, Plaintiff allegedly took out a consumer credit line for a Comenity Bank branded credit card. Plaintiff used the card to make routine household and consumer purchases for her home and/or family. As such, Plaintiff incurred a "debt" arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purpose, and, therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The account subsequently went into arrears.

8. Thereafter, Defendant was retained by a secondary purchaser of the alleged debt and sent Plaintiff a written collection correspondence regarding The Account and in connection with an attempt to collect on The Account.

## B.  The Initial Collection Letter is Devoid of Any Reference to Plaintiff's §1692g Rights

9. On or about September 1, 2020, Defendant sent Plaintiff an initial collection letter. A redacted copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

10. In pertinent part, the Letter acknowledged that Defendant's client, the current owner of the alleged debt, intended to file suit against Plaintiff seeking to recover the amount purportedly owed. Defendant's Letter provided the name of the current creditor, provided a partial account number, and advised Plaintiff that the correspondence was an attempt to collect the alleged debt from Plaintiff and that Defendant was indeed acting as a "debt collector."

11. Defendant's September 1, 2020 Letter fails to advise Plaintiff of her rights under §1692g of the FDCPA, the Letter indeed fails to make any reference whatsoever to §1692g. To date, Defendant has failed to send any further written correspondence to Plaintiff.

**C.  Defendant Failed to Send Any Further Correspondence Informing Plaintiff of Her §1692g Rights**

12. Per §1692g of the FDCPA, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> **(1)** the amount of the debt;
>
> **(2)** the name of the creditor to whom the debt is owed;
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

13. As Defendant's September 1, 2020 Letter specifically references the current creditor, SECOND ROUND SUB, LLC, a partial account number, advised that the current creditor would file suit to collect the debt, that Defendant's letter was an attempt to collect a debt and that Defendant was acting as a "debt collector", the Letter is in connection with the collection of the debt.

14. As Defendant's September 1, 2020 Letter specifically references that Defendant is a debt collector and that the Letter is an attempt to collect the debt, the Letter is clearly an attempt to collect the alleged debt.

15. Other than the September 1, 2020 Letter, Defendant provided no further written correspondence to Plaintiff regarding the alleged debt.

16. Other than the September 1, 2020 Letter, which is completely devoid of any reference to Plaintiff's §1692g rights, Defendant provided no further written correspondence to Plaintiff whatsoever, including any further written correspondence regarding Plaintiff's §1692g rights.

17. Thus, Defendant failed to adhere to 15 U.S.C. §1692g, by failing to provide Plaintiff with written notice of her rights to dispute and/or request validation of the alleged debt, within five (5) days of the first communication in connection with the collection of a debt.

18. The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

D. **Defendant's FDCPA Violations Also Constitute RFDCPA Violations**

19. Per §1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

20. As Defendant's September 1, 2020 Letter specifically references the current creditor, a partial account number, that the Letter is an attempt to collect a debt and that Defendant is acting as a "debt collector", the Letter is in connection with the collection of the debt.

21. As Defendant's September 1, 2020 Letter specifically references that Defendant is a debt collector and that the Letter is an attempt to collect the debt, the Letter is clearly an attempt to collect the alleged debt.

22. Other than the September 1, 2020 Letter, Defendant provided no further written correspondence to Plaintiff regarding the alleged debt.

23. Other than the September 1, 2020 Letter, which is completely devoid of the mandated disclosures required by §1692e(11) and §1692g, Defendant provided no further written correspondence to Plaintiff whatsoever, including any further written correspondence regarding Plaintiff's §1692g rights.

24. Thus, Defendant failed to adhere to 15 U.S.C. §1692g, by failing to advise Plaintiff of her §1692g rights within five (5) days of the initial communication.

25. Thus, pursuant to Cal. Civ. § 1788.17, as Defendant's conduct constitutes violations of the FDCPA Defendant's conduct also constitutes violations of the RFDCPA.

26. The Letter is an example of form letters, substantially similar to hundreds if not thousands of letters sent to consumers across the country.

## CLASS ACTION ALLEGATIONS

**The Class**

27. Plaintiff brings this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

28. Plaintiff seeks to represent a class defined as:

> All consumers in the State of California who were sent a letter that is identical to or is substantially the same form as the September 1, 2020 form Letter by or on behalf of Defendant, where Defendant failed to: 1) provide further written correspondence in five (5) days advising said consumer of his or her rights to dispute or request validation of the alleged debt pursuant to §1692g of the FDCPA, within one year prior to the filing of this action and which was not returned as undeliverable.

E.      **Numerosity**

29.     The Letters are mass-mailed form letters that Defendant sends out to hundreds if not thousands of consumers in California. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

30.     Upon information and belief, Defendant sent or caused to be sent hundreds or even thousands of similar deceptive Letters to consumers.

31.     The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

32.     Plaintiff reasonably believes that there are hundreds to thousands of consumers who are members of the class.

F.      **Common Questions of Law and Fact**

33.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

34.     The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA and RFDCPA.

35.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

      a.     Did Defendant violate 15 U.S.C. §1692g(b) by sending an initial collection letter, devoid of any information regarding the recipient's §1692g rights, and failing to send a further correspondence within five (5) days thereafter providing said consumer of his or her rights to dispute the debt or request validation, violate the FDCPA?

      b.     Did Defendant violate Cal. Civ. § 1788.17 by sending written correspondence to consumers which violate the FDCPA?

## G. Typicality

36. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to him by Defendant, and a failure to send any further subsequent correspondence.

## H. Protecting the Interests of the Class Members

37. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

38. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

39. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

## I. Proceeding Via Class Action is Superior and Advisable

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

41. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

42. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

43. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it

conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

44. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

45. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

### J.    **Plaintiff and the Putative Class Have Article III Standing**

46. As a result of Defendant's alleged violations of law by sending these form letters to Plaintiff and other similarly situated California consumers without the requisite disclosures as mandated by the FDCPA and thus the RFDCPA, Defendant caused Plaintiff and the putative class members harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation;

   b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving or interfering with Plaintiff's and the putative class' right to specific information mandated by the FDCPA to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation;

c. Impermissibly causing Plaintiff and the putative class confusion and/or lack of knowledge and information such as to be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation;

d. Causing Plaintiff and the putative class to expend needless time in receiving, researching and attempting to clarify and/or clearly explain information be provided by Defendant in each initial collection communication, including Plaintiff's and the putative class' right to dispute the alleged debt and/or request validation.

## COUNT I
## VIOLATIONS OF FDCPA SECTION 15 U.S.C. § 1692G(B)

47. Each and every allegation contained in paragraphs 1 through 46 of this Complaint is repeated, realleged and incorporated herein by reference.

48. Per §1692g of the FDCPA, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;

**(2)** the name of the creditor to whom the debt is owed;

**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of

such verification or judgment will be mailed to the consumer by the debt collector; and

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

49. Defendant failed to provide Plaintiff and The Putative Class of their rights afforded under section §1692g in direct violation of the FDCPA.

50. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## COUNT II

## VIOLATIONS OF RFDCPA SECTION CAL. CIV. 1788.17

51. Each and every allegation contained in paragraphs 1 through 50 of this Complaint is repeated, realleged and incorporated herein by reference.

52. Per §1788.17 of the RFDCPA, "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

53. Defendant failed to notify Plaintiff and The Putative Class of their §1692g rights.  Thus, Defendant's conduct is in direct violation of the RFDCPA.

54. By virtue of the foregoing, Plaintiff and the putative class are entitled to recover damages as prayed for herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class, Plaintiff be appointed as the representative of The Class, and that

Plaintiff's Counsel be appointed as Class Counsel;

b. For statutory damages up to $1,000.00 per named class member, and $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

c. For statutory damages up to $1,000.00 per named class member, and statutory damages up to $500,00.00 or 1% of Defendant's net worth for the consumer class members, whichever is the lesser, pursuant to *Cal. Civ. §1788.30;*

d. For reasonable attorneys' fees and costs of suit; and

e. For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: October 15, 2020               **MARTIN & BONTRAGER, APC**

By:*/s/ Nicholas J. Bontrager*
Nicholas J. Bontrager
Attorneys for Plaintiff

12
**CLASS ACTION COMPLAINT**

**EXHIBIT A**

[redacted]

**FARMAR LAW GROUP, PC**
14900 MAGNOLIA BLVD. #55997
SHERMAN OAKS, CA 91403
mail@farmarlaw.com

MATTHEW J. KUMAR
ALI FARZIN

TELEPHONE (888) 700-4774
FACSIMILE (888) 625-2445

[redacted]

CR19356[redacted]

MINDY E SEGURA
[redacted]
LOS ANGELES CA 90027

[redacted]

NOTICE PURSUANT TO CAL. CODE CIV. PROC. § 1033(b)(2)

[redacted]

Re: Creditor: SECOND ROUND SUB, LLC
Account number: [redacted]3

[redacted]

As of SEP 01 2020, it is the above creditor's intent to file suit against you in a [redacted] Superior Court based on the above referenced account. Pursuant to California Code of Civil Procedure, section 1033(b)(2), this legal action may result in a judgment being entered against you, and such judgment may include the actual cost of the filing fee, the actual cost of service of process, and, when otherwise specifically allowed by law, reasonable attorneys' fees.

When corresponding with our office, please reference our file number CR193564.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. they may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

Account #

[redacted]

KAISER PERMAN